Filed 7/16/15  P. v. Stanfield CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Siskiyou)

----

| | |
|---|---|
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br><br>     v.<br><br>EARL RICHARD STANFIELD, JR.,<br><br>          Defendant and Appellant. | C076488<br><br>(Super. Ct. No. MC-YK-CR-BF-000121158-002) |

        This case concerns specific performance of a plea agreement.  Defendant Earl Richard Stanfield, Jr., claims that he is entitled to dismissal of remaining counts and allegations after his pleas pursuant to an agreement, and the People assert the same.  Accordingly, we shall modify the judgment and affirm as modified.

1

## BACKGROUND

We dispense with a detailed factual recitation as unnecessary to the resolution of this appeal. Suffice it to say that defendant was sentenced to 50 years in state prison pursuant to a plea agreement in which he pleaded guilty to two counts of murder (Pen. Code, § 187, subd. (a))[1] in exchange for dismissal of all remaining counts and allegations. The murder charges were counts 1 and 2 of a four-count information, which also charged defendant with malicious discharge of a firearm from a vehicle (count 3; § 26100, subd. (c)), and assault by means likely to produce great bodily injury (count 4; § 245, subd. (a)(4)), as well as allegations of intentional discharge of a firearm with great bodily injury (§ 12022.53, subd. (d)) and personal use of a firearm (§ 12022.5, subd. (a)), and two special circumstances (§ 190.2, subd. (a)(3) & (21)).

In exchange for defendant's plea, the People agreed they would move to dismiss the remaining charges and allegations. At sentencing, however, that motion was not made and the remaining charges and allegations were not dismissed. Defendant timely appealed.

## DISCUSSION

Defendant's sole claim on appeal is that he is entitled to specific performance of the plea agreement's provisions for dismissal of the balance of the counts and allegations. The People agree, and so do we. (See *People v. Mancheno* (1982) 32 Cal.3d 855, 859-860.) As the People suggest, we will modify the judgment to reflect the dismissal of the remaining counts and allegations.

---

[1] Further undesignated statutory references are to the Penal Code in effect at the time defendant was charged.

## DISPOSITION

The judgment is modified to reflect the dismissal of counts 3, 4, and the remaining allegations, in accordance with the plea agreement. As modified, the judgment is affirmed.

DUARTE , J.

We concur:

RAYE , P. J.

ROBIE , J.

3